KENNEDY BERKLEY YARNEVICH
& WILLIAMSON, CHARTERED
119 West Iron Avenue, 7th Floor
P.O. Box 2567
Salina, KS  67402-2567
(785) 825-4674 [Telephone]
(785) 825-5936 [Fax]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ALDEN PFANNENSTIEL and JIM LINNER,   )
                                      )
                    Plaintiffs,       )
                                      )
vs.                                   )  Case No. _____
                                      )
PSI TRANSPORT, LLC,                   )
                                      )
                    Defendant.        )
_____)

# COMPLAINT

Plaintiffs Alden Pfannenstiel ("Alden") and Jim Linner ("Jim"), for their causes of action against Defendant PSI Transport, LLC ("PSI Transport"), state and allege as follows:

**Parties**

1. Alden is currently a resident of Norton, Kansas.

2. Jim is currently a resident of Norton, Kansas.

3. Defendant PSI Transport is a limited-liability company with its principal place of business at 742 West U.S. Highway 24, Hoxie, Kansas 67740.  The resident agent for service of process is Scott Foote ("Foote"), the president and CEO of PSI Transport, who may be served at 1014 S. Road 10, P.O. Box 416, Hoxie, Kansas 67740.

1

**Jurisdiction**

   4.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1343, or 28 U.S.C. § 1331.

**Venue**

   5.  Venue is proper in the District Court for the District of Kansas pursuant to 28 U.S.C. § 1391.

**Allegations of Fact**

   6.  Alden is a 61-year-old male who worked at PSI Transport in Hoxie, Kansas, since June of 2012 as a truck driver.

   7.  Jim is a 60-year-old male who worked at PSI Transport in Hoxie, Kansas, since October of 2013 as a truck driver.

   8.  While working at PSI Transport, Alden and Jim worked in excess of forty hours per week, often working seven days per week and often working fourteen to sixteen hours per day.

   9.  Alden and Jim both transported wet distillers from ethanol plants owned by Foote's entities to Foote's other entities' feed yards, which used the wet distillers for feed for livestock—which occurred within a 150-mile radius of the source.

   10.  Alden suffered a shoulder injury on or about July 16, 2015, while pulling the tarp to cover his trailer at work, which was part of his job duties.

   11.  Alden reported his injury, received treatment, and worked through the pain for more than a year.

   12.  In late 2016, Foote, the owner of PSI Transport, met with Alden and Jim. After discovering that Alden was not fully covering his trailer with the tarp due to Alden's shoulder

injury, Foote told Alden that pulling the tarp over the trailer was part of his job duties and that "I need you to perform your job duties 100% or park the truck," implying that Alden would be terminated. Jim also was present, and Foote told Jim, "We don't need you guys if you are needing surgery or time off."

13. Shortly after, Alden discovered that his shoulder injury required surgery, so he requested medical leave.

14. On or about February 15, 2017, Alden notified Foote of his request for medical leave, and Foote said, "Absolutely not." Foote then asked Alden where his truck was so that they could retrieve it. Foote then terminated Alden's employment.

15. On or about February 16, 2017, Jim's employment was terminated as well.

16. Alden and Jim were older than the vast majority of drivers working at PSI Transport.

17. Alden made a request to the Equal Employment Opportunity Commission ("EEOC") to investigate whether he was discriminated against based on his disability and was assigned EEOC Charge No. 563-2017-01222.

18. Alden received his Dismissal and Notice of Rights letter on or about July 22, 2017, for EEOC Charge No. 563-2017-01222 and has exhausted his administrative remedies.

19. Jim made a request to the Equal Employment Opportunity Commission ("EEOC") to investigate whether he was discriminated against based on his age and was assigned EEOC Charge No. 563-2017-01792.

20. Jim received his Dismissal and Notice of Rights letter on or about August 16, 2017, for EEOC Charge No. 563-2017-01792 and has exhausted his administrative remedies.

**Theories of Recovery**

## COUNT I
## DISCRIMINATION IN VIOLATION OF AMERICANS WITH DISABILITIES ACT

21.     Alden realleges and incorporates herein the allegations contained in paragraphs 1 through 20 above.

22.     After learning Alden would require surgery and time off, PSI Transport terminated Alden because Foote refused to accommodate his need for surgery and subsequent need for medical leave.

23.     PSI Transport's actions constitute a violation of the Americans with Disabilities Act ("ADA") and entitle Alden to injunctive relief in the form of reinstatement to employment with PSI Transport and to damages for his lost wages, humiliation, embarrassment, emotional distress, and attorneys' fees.

## COUNT II
## AGE DISCRIMINATION

24.     Jim realleges and incorporates herein the allegations contained in paragraphs 1 through 23 above.

25.     While working at PSI Transport, Jim and Alden were members of a small minority of truck drivers who were nearing retirement.

26.     In the months prior to being terminated, both Jim and Alden heard complaints and concerns that were raised regarding their age and stereotypical shortcomings that are associated with growing older.

27.     PSI terminated Jim and Alden a few months after Foote had a conversation with Jim and Alden about how "We don't need you guys if you are needing surgery or time off."

28. PSI Transport's actions constitute age discrimination, which is a violation of the Age Discrimination in Employment Act. Consequently, Jim is entitled to injunctive relief in the form of reinstatement to employment with PSI Transport and to damages for his lost wages, humiliation, embarrassment, emotional distress, and attorneys' fees.

## COUNT III
## RETALIATION IN VIOLATION OF AMERICANS WITH DISABILITIES ACT

29. Alden realleges and incorporates herein the allegations contained in paragraphs 1 through 28 above.

30. Prior to late 2016, PSI Transport accommodated Alden regarding his shoulder injury.

31. In late 2016, once Alden's injury worsened and Alden began to realize he would need additional accommodations and eventual medical leave to obtain surgery, PSI Transport responded to his requests for accommodation and for medical leave by threatening his job and eventually terminating his employment.

32. PSI Transport's actions constitute retaliation in violation of the Americans with Disabilities Act, and consequently, Alden is entitled to injunctive relief in the form of reinstatement to employment with PSI Transport and to damages for his lost wages, humiliation, embarrassment, emotional distress, and attorneys' fees.

## COUNT IV
## VIOLATION OF FAIR LABOR STANDARDS ACT

33. Jim and Alden reallege and incorporate herein the allegations contained in paragraphs 1 through 32 above.

34. Jim and Alden are not exempted from the overtime requirements under the Fair Labor Standards Act because their position falls within an exception to the Motor Carrier Exemption. *See* 49 C.F.R. 395.1(k); K.A.R. 82-4-3a(a)(1)(B), (2)(B).

35. PSI Transport never paid overtime wages to Jim and Alden despite the fact that they worked more than forty hours per week during the vast majority of their time that they were employed with PSI Transport.

36. PSI Transport violated the Fair Labor Standards Act by failing to provide overtime wages to employees who were eligible for overtime. Consequently, Jim and Alden are entitled to damages for their lost overtime wages.

WHEREFORE, Alden and Jim respectfully request that the Court enter judgment in their favor and against PSI Transport for injunctive relief and damages in an amount in excess of $75,000.00; that the costs of this action, including reasonable attorney fees, be assessed against PSI Transport; that Jim and Alden receive damages for lost overtime wages, lost wages due to their unlawful discharge, humiliation, embarrassment, and emotional distress; and that the Court grant such other and further relief as it deems fair and equitable under the circumstances.

RESPECTFULLY SUBMITTED,

 /s/  Larry G. Michel
Larry G. Michel, #014067
Klint A. Spiller, #027641
KENNEDY BERKLEY YARNEVICH
& WILLIAMSON, CHARTERED
119 West Iron Avenue, 7th Floor
P.O. Box 2567
Salina, KS  67402-2567
(785) 825-4674
lmichel@kenberk.com
kspiller@kenberk.com
ATTORNEYS FOR PLAINTIFFS

## DEMAND FOR TRIAL BY JURY

The Plaintiffs hereby request pursuant to Fed.R.Civ.P. 38(b) that all issues of fact be tried to a jury.

     /s/  Larry G. Michel
     Larry G. Michel

## DESIGNATION OF PLACE OF TRIAL

Pursuant to D.Kan. Rule 40.2, the Plaintiffs designate Topeka, Kansas as the place of Trial.

     /s/ Larry G. Michel
     Larry G. Michel