IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ALDEN PFANNENSTIEL,                )
                                   )
                    Plaintiffs,    )
                                   )
v.                                 )     Case No. 17-4100-SAC
                                   )
PSI TRANSPORT, LLC,                )
                                   )
                    Defendant.     )

## PROTECTIVE ORDER

The parties agree that it is necessary to have a Protective Order to preserve the confidentiality of documents to be produced by both parties. The Court finds that certain information, documents, and things to be produced in discovery in this litigation should be kept confidential in order to protect the parties' legitimate business interests and the privacy rights of plaintiff, defendant, and its employees (past and present). Further, the Court finds that such information, documents and things are likely to include plaintiff's personnel records, plaintiff's income, tax, and other financial information, plaintiff's medical and/or psychological records, Social Security Administration records, unemployment benefits information, personnel information pertaining to other current and former employees, and assorted confidential correspondence, and are also likely to include defendant's private financial information. Because the public disclosure of such information, documents and things might cause undue embarrassment, humiliation, and potentially irreparable economic harm to the parties and to disinterested third parties, the Court finds that "good cause" – pursuant to Fed. R. Civ. P. 26(c) – has been established and the following Order should be entered:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The following definitions shall apply to this order:

    a. "Confidential Information" shall mean any personnel, medical, psychological, payroll, financial, or employment information concerning plaintiff or any other current or former employee of defendant, as well as any financial information or records concerning defendant, and any other information or material relating to trade secrets or other confidential research, development, commercial or proprietary information which has been designated as "Confidential" by plaintiff or defendant or their attorneys, whether such disclosure be made voluntarily, informally or pursuant to formal discovery procedures. The designation may be made in writing or on the record such as at a deposition or hearing.

    b. "Qualified persons" shall mean:

        (1) the parties to this litigation;

        (2) counsel of record for the parties to this litigation, including office associates, paralegals, stenographic and clerical employees who have agreed to abide by the terms of this Protective Order;

        (3) experts retained for the purpose of this litigation who have agreed to abide by the terms of this Protective Order by signing the Confidentiality Agreement, attached hereto as Exhibit "A;"

        (4) the court and court personnel, including stenographic reporters engaged in such proceedings as are necessarily incident to this litigation, and members of the jury;

(5) any mediator appointed by the court or jointly selected by the parties; and

(6) any potential, anticipated, or actual fact witness and his or her counsel, but only to the extent such confidential documents or information will assist the witness in recalling, relating, or explaining facts or in testifying, and only after such persons have signed the Confidentiality Agreement attached hereto as Exhibit "A."

2. The undersigned counsel shall maintain a list of all persons who are required to sign the Confidentiality Agreement, along with the signed Confidentiality Agreement for each person.

3. Confidential Information shall be and remain confidential and shall not be disclosed or communicated in any fashion nor be used for any purpose other than pursuing this litigation as provided for herein.

4. Notwithstanding any language herein to the contrary, both parties understand and agree that Confidential Information may be disclosed to any state, local, or federal law enforcement personnel. Said law enforcement personnel do not need to sign the Confidentiality Agreement referred to herein.

5. A receiving party may designate as Confidential, by setting forth such designation in writing to the producing party and any other receiving parties, any materials not designated as such by a producing party, on the basis that such material contains or discloses Confidential or proprietary material of the receiving party. The designation of information as Confidential may be made by any party, whether the producing party or a receiving party, at any time, even after disclosure; however, until designated as Confidential the information may be used and disclosed by the parties to whom they are disclosed without the restrictions imposed by this order.

6.      Parties may designate deposition testimony as Confidential by advising opposing counsel in writing within thirty (30) days after receipt of a copy of the transcript or at such other time as may be mutually agreed upon by the Parties, of the pages and lines of the deposition transcript which the designating Party requires to be treated as Confidential.  All deposition transcripts shall be treated as Confidential until the expiration of thirty (30) days after receipt of a copy of the transcript unless otherwise agreed to by the Parties in writing or on the record at deposition.  Any Party, may, on the record at the deposition, designate deposition testimony as Confidential by advising all persons present that the Party believes that the portion of the deposition falls under the scope of this Order.  Testimony quoting in whole or substantial part from any document marked Confidential or disclosing its contents or substance in whole or substantial part shall be deemed to be Confidential if so designated on the record by counsel or within thirty (30) days after receipt of a copy of the transcript.  In the event of such designation, arrangements shall be made with the reporter attending such deposition, hearing, or trial to bind the confidential portions of such transcripts separately and label such portion, including confidential exhibits, as "Confidential," but failure of the court reporter to take such action shall not change the confidential nature of such information or affect the obligation of the parties and their agents to treat such information as confidential under this order.

7.      No Confidential Information shall be disclosed or made available to any person except a qualified person who has read and agrees to the terms of this order and has signed the Confidentiality Agreement.  Said Confidential Information shall not be used by any qualified person except solely for the purposes of litigation in this action.  The substance or content of Confidential Information, as well as copies, notes, and memoranda relating thereto, shall not be disclosed to other than a qualified person.

8.     Should any party disagree with the designation of any material as confidential, or with the failure to designate any material as confident, they may bring the matter to the court's attention.  Any material whose designation as "Confidential" is being challenged shall remain subject to the protections of this protective order until such time as this court and any appeal thereof has ruled that a particular document or other material is not subject to protection.  Further, any material that a party claims should have been designated "Confidential" shall also remain subject to the protections of this protective order until such time as this court and any appeal thereof have ruled that a particular document or other material is not subject to protection.  In the event a ruling is sought, the designating party bears the burden of showing that the requested designation is warranted.  A party's failure to object or delay in objecting to the designation, or lack thereof, of any material shall not be construed as a waiver of an objection to the same material or other material at any time.

9.     Aside from a witness, parties, or representative of the parties disclosing such Confidential Information, no person shall attend any portion of any deposition containing testimony regarding Confidential Information or documents unless such person is a qualified person under the terms of this order.  Any court reporter who transcribes testimony in this action at a deposition shall agree, before transcribing any such testimony, that all testimony containing Confidential Information is and shall remain confidential and shall not be disclosed except as provided in this order and that copies of any transcription records of any such testimony will be retained in absolute confidentiality and safekeeping by such shorthand reporter or delivered to the attorneys of record or filed with the court.

10.    If at the time of trial, counsel for any of the parties attempts to introduce into evidence any Confidential Information, the party introducing such Confidential Information will

ensure that the court will take such steps as it shall deem reasonably necessary to preserve the confidentiality of that information.

11. All oral presentations to the court concerning or referencing any Confidential Information shall be held in camera unless the court orders otherwise.

12. The parties reserve the attorney-client privilege and/or work product doctrine with regard to the inadvertent production of any privileged or protected material contained in electronically stored information ("ESI") produced by either party. Production of such privileged or protected material is not to be considered a waiver of the attorney-client privilege or attorney work- product doctrine, even though the material was not specifically identified on a privilege log. When and if any such issue arises, the producing party has the right to make written demand upon the other party and/or its attorneys to return the protected material immediately. The parties agree that all such material, as well as any copies thereof, will be promptly returned to the producing party and/or destroyed, and the parties shall not use any information derived from such materials for any purpose. If a dispute arises, either party may make a motion to the Court. The parties specifically incorporate by reference the terms of Rule 502 of the Federal Rules of Evidence. The privilege or protection is not waived by disclosure connected with this litigation.

13. Upon the expiration of 30 days from the final determination of this action, counsel of record for each party receiving Confidential Information shall, upon written demand from the producing party, assemble and return to the producing party and/or their attorneys all such Confidential Information as well as all copies of such Confidential Information and all testimony, summaries, notes, extracts, or abstracts containing any such Confidential Information, including such information in the possession of experts or other qualified persons who received such Confidential Information from counsel. The producing party may elect to make written demand

for the destruction of all such Confidential Information and certification from the recipient party that all such information and materials were destroyed.  Subject to this requirement, counsel may retain copies of Confidential Information for a period of two years from the conclusion of the case solely for the purpose of defending ethical complaints or malpractice claims but said information will otherwise remain subject to the terms and conditions of this order. At the end of the two years, counsel must destroy and/or return the Confidential Information.  Notwithstanding the language in this paragraph, counsel may retain their work product and all briefs, pleadings or other filings with the court which incorporate or disclose Confidential Information, but these materials shall remain subject to the terms and conditions of this order.

14. Following the conclusion of this litigation, the parties may seek leave to reopen the case to enforce the provisions of this order, or to obtain such direction or further decree as may be appropriate for the interpretation or enforcement of this order.

15. The failure of either party to seek enforcement of this order shall not be a waiver of this order, and any waiver of this order by either party as to specific Confidential Information shall not be a waiver as to any other Confidential Information.

16. If a party wishes to use any Confidential Information in any affidavits, briefs, memorandum of law, oral argument, or other papers filed in this Court in this litigation, such papers or transcript may be filed under seal only upon separate, specific motion and later order of the Court.  The party seeking to file a document under seal in this Court must follow the procedures set forth in D. Kan. Rule 5.4.6.

17. This Order, insofar as it restricts the communication or use of documents and material designated Confidential, shall survive and remain in full force and effect after the termination of the Litigation.

**IT IS SO ORDERED.**

Dated this 2nd day of March, 2018.

s/ K. Gary Sebelius  
K. GARY SEBELIUS  
UNITED STATES MAGISTRATE JUDGE

Exhibit "A" to Protective Order

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| ALDEN PFANNENSTIEL, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No.:17-4100-SAC |
| | ) | |
| PSI TRANSPORT, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## **CONFIDENTIALITY AGREEMENT**

The undersigned hereby states as follows:

1. I have received a copy of and have read the Protective Order entered by the Court in the above-captioned case.

2. I understand that material I am reviewing or otherwise have access to is included within the definition of Confidential Information in that Protective Order.

3. I agree that I will abide by the terms of the Protective Order entered by the Court, in all respects.

_____
Name

Date: _____